J-S41030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHURLAN ESPINOSA | : | |
| | : | |
| Appellant | : | No. 3579 EDA 2016 |

Appeal from the Judgment of Sentence October 25, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009741-2013,
CP-51-CR-0009742-2013, CP-51-CR-0009743-2013,
CP-51-CR-0009754-2013

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 09, 2018**

Appellant, Shurlan Espinosa, appeals from the judgment of sentence entered on October 25, 2016 in the Criminal Division of the Court of Common Pleas of Philadelphia County, as made final by the denial of post-sentence motions. We affirm.

The trial court aptly summarized the facts[1] and procedural history in this case as follows.

> From approximately 2007 through February 2013, [Appellant] sexually assaulted his step-daughter, S.B. These assaults occurred in [the family] home on West Courtland Street in Philadelphia and at [Appellant's] place of employment in Gladwyne, Pennsylvania. S.B. was [seven] to 13 years old during

---

[1] The Commonwealth's presentation at Appellant's plea hearing served as the basis for the trial court's recitation of the facts. **See** Trial Court Opinion, 12/21/17, at 2.

---

* Former Justice specially assigned to the Superior Court.

the periods of abuse, and multiple occasions started when she was [seven]. [During these episodes, Appellant] would pull down her clothes, forcefully grab her breasts and vagina and insert his finger[s] into her vagina more than one time. Additionally, he then progressed to [inserting] his penis in[to] her vagina and [placing] his tongue on her vagina. Again, this stopped when she was 13 years old.

From 1999 through 2000, [Appellant] sexually abused his biological daughter, L.E. The abuse occurred when [L.E.] was approximately 7 to 8 years old. This abuse occurred in their home on 5th Street, in the City and County of Philadelphia. On several occasions [Appellant] would call L.E. into his bed where he would be laying down naked. He would touch her vagina and insert his finger into her vagina. He also took her hand and made her touch his penis.

From approximately 2009 through 2012, [Appellant] sexually assaulted his stepson, E.B. This occurred when E.B. was 10 to 12 years old, in their home located on West Courtland Street in Philadelphia. [Appellant] would call E.B. into his bed, [tell] him to pull his pants down, and with lotion, [Appellant] would rub E.B.'s penis. [Appellant] also made E.B. touch his penis.

From approximately 1992 through 1994, [Appellant] sexually assaulted Y.S. when she was 11 to 12 years of age. At the time of the sexual abuse, [Appellant] was dating Y.S.'s cousin and living in the same home as the victim. Starting at age 11, [Appellant] would touch Y.S.'s breasts [and, on numerous occasions,] he also penetrated her vagina with his penis. When Y.S. was 12 years old, he impregnated her. She gave birth to a son on June [19, 1994.] DNA testing [] confirmed that [Appellant] is the biological father of that child. These assaults occurred at Y.S.'s aunt's house located on Ogontz Street in Philadelphia.

Trial Court Opinion, 12/21/17, 1-2 (footnotes and record citations omitted).

On July 13, 2016, Appellant pled guilty to the following charges: 1) at CP-51-CR-0009741-2013 (complainant S.B.) rape of a child (18 Pa.C.S.A. § 3121) and involuntary deviate sexual intercourse with a child (18 Pa.C.S.A. § 3123); 2) at CP-51-CR-0009742-2013 (complainant L.E.) aggravated

indecent assault (18 Pa.C.S.A. § 3125) and corruption of minors (18 Pa.C.S.A. § 6301); 3) at CP-51-CR-0009743-2013 (complainant E.B.) indecent assault (18 Pa.C.S.A. § 4303) and corruption of minors; and, 4) at CP-51-CR-0009754-2013 (complainant Y.S.) rape and corruption of minors. The trial court deferred sentencing pending the completion of a presentence investigation report ("PSI"), a mental health evaluation, and a report by the Sex Offenders Assessment Board ("SOAB report"). On October 25, 2016, Appellant received 40-80 years' incarceration for his offenses. On November 3, 2014, Appellant filed timely motions to withdraw his guilty plea and for reconsideration of his sentence. Both motions were denied without a hearing on November 14, 2016.

A timely notice of appeal followed on November 16, 2016. Thereafter, on October 25, 2017, counsel for Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on December 21, 2017.

Appellant's brief raises two claims for our review:

Did the trial court err and/or abuse its discretion when it denied [Appellant's] post-sentence, written and properly filed motion seeking to withdraw his guilty plea where [Appellant] asserted his innocence and that the plea was the result of coercion, and that the Commonwealth did not establish that it would suffer any prejudice as a result of the withdrawal of the plea?

Is the sentence imposed unduly harsh and greater that which would be consistent with the protection of the public, the gravity of [Appellant's] conduct as it relates to the impact on the life of others in the community, and the rehabilitative needs of [Appellant], and did the trial court [fail] to take into account all

- 3 -

mitigating and relevant and necessary factors to be considered by a sentencing court (including [Appellant's] age, lawful work history, rehabilitative needs, medical and psychiatric issues, acceptance of responsibility, remorse, and sparing further injury to the complainants by foregoing the necessity of trial and his allocution); that is, is confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of Pennsylvania's sentencing laws?

Appellant's Brief at 5.

In his first claim, Appellant argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. In support of this claim, Appellant asserts that his guilty plea was the product of undue coercion and duress and, therefore, involuntary. Since his plea was involuntary, a manifest injustice occurred. Under these circumstances, Appellant maintains that the trial court erred in denying the motion to withdraw, particularly since the Commonwealth came forward with no evidence showing that it would suffer prejudice if the motion were granted.

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea "only where necessary to correct a manifest injustice." *Commonwealth v. Starr*, 301 A.2d 592, 595 (Pa. 1973). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." *Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa. Super. 2010), *appeal denied*, 32 A.3d 1276 (Pa. 2011).
>
> To be valid [under the "manifest injustice" standard], a guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Gunter*, 771 A.2d 767, 771 (Pa. 2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken

- 4 -

in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa. Super. 2002) (*citing* Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. *Commonwealth v. Watson*, 835 A.2d 786 (Pa. Super. 2003). The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002) [(noting that a defendant has no absolute right to withdraw a guilty plea and that the decision to grant such a motion lies within the sound discretion of the trial court)]. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. *Pollard, supra*.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023-1024 (Pa. Super. 2016) (quotation omitted).

The trial court did not abuse its discretion in denying Appellant's post-sentence motion to withdraw his guilty plea. In this case, a thorough and comprehensive on-the-record colloquy established that Appellant knowingly, willingly, and voluntarily pled guilty. During the plea hearing, Appellant confirmed his understanding of each factor listed in Pa.R.Crim.P. 590. Moreover, Appellant specifically confirmed that he freely entered his plea and that he was neither pressured nor coerced into pleading guilty. *See Muhammad*, 794 A.2d at 384 (defendant is bound by statements at plea hearing and cannot assert claims that contradict such statements). Finally,

the trial court correctly disregarded Appellant's bald assertion of innocence, which lacked even a trace of support in the record.[2] ***See Kpou***, 153 A.3d at 1024 (assertions of innocence are relevant only in context of pre-sentence motions to withdraw guilty pleas; post-sentence claims of innocence do not demonstrate manifest injustice).

Following our review of the totality of relevant circumstances, we conclude that Appellant failed to demonstrate that his guilty plea was entered in an involuntary, unknowing, or unintelligent manner. As such, he did not establish a manifest injustice necessary for the post-sentence withdrawal of his guilty plea. Accordingly, we hold that the trial court neither erred nor abused its discretion in denying Appellant's motion to withdraw his plea.

Appellant's second claim challenges the discretionary aspects of his sentence. When an appellant challenges the discretionary aspects of his sentence, we consider his brief on this issue a petition for permission to appeal. ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [we conduct] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

_____

[2] We are obliged to note that DNA evidence confirming that Appellant impregnated a 12-year-old victim erects a nearly insurmountable obstacle to establishing a colorable claim of factual innocence.

question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, Appellant filed a timely appeal, preserved his sentencing claim in a motion for reconsideration, and included a statement of the reasons relied on for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his appellate brief. We now consider whether Appellant raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011). Further:

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id***. (internal citations omitted).

In his Rule 2119(f) statement, Appellant pointed out that he pled guilty to eight offenses. As punishment, the trial court imposed six sentences within the standard range of the sentencing guidelines, one sentence in the aggravated range, and one sentence of no further penalty. The court directed Appellant to serve all seven sentences in a consecutive manner. All told, the aggregate sentence in this case ranged from 40 to 80 years. Appellant claims that such a sentence is excessive and that the trial court imposed it without considering mitigating factors or his rehabilitative needs. Appellant also

claims that the sentence is not the least restrictive punishment designed to effectuate the aims of Pennsylvania's sentencing laws and is greater than that which is consistent with the need to protect the public, redress the gravity of Appellant's offenses, and rehabilitate Appellant.

Framed as such, Appellant's claims raise substantial questions for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (claim that consecutive sentences are unduly excessive together with claim that sentencing court failed to consider defendant's rehabilitative needs and mitigating factors presents substantial question); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the [] Sentencing Code or a particular fundamental norm underlying the sentencing process."), *appeal denied*, 105 A.3d 736 (Pa. 2014). Since Appellant raises a substantial question, we proceed to review the merits of his claim.

Our standard of review in this context is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

> In reviewing the record, we consider:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

***Raven***, 97 A.3d at 1253-1254.

Our review of the record confirms that the trial court gave adequate consideration to Appellant's rehabilitative needs and the relevant mitigating factors and, ultimately, imposed a sentence consistent with our sentencing code and the fundamental norms underlying the sentencing process. The court calculated the appropriate guidelines range for each offense in this case. In addition, the court obtained a presentence investigation report. While the trial court acknowledged that Appellant spared his victims the trauma of a jury trial, the court determined that the circumstances warranted an enhanced punishment in view of the severe implications Appellant's conduct foisted upon the victims and their families. Noting that Appellant impregnated one of his young victims, the court reasoned that this case involved "extreme" circumstances that made the level of mitigation requested by Appellant inappropriate. **See** Trial Court Opinion, 12/21/17, at 7. We perceive no abuse of discretion in this approach to fashioning an individualized sentence under the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/18

- 10 -